UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 6:23-cv-409

**ZABEN ABRAHAM**,

    Plaintiff,

v.

**RECEIVABLES MANAGEMENT PARTNERS LLC DBA RMP SERVICES LLC**,

    Defendant.
_____/

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Zaben Abraham ("Plaintiff") sues Receivables Management Partners LLC dba RMP Services LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.    Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Orange County, Florida.

4. Defendant is a Delaware limited liability company, with its principal place of business located in Indianapolis, Indiana .

## DEMAND FOR JURY TRIAL

5. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

6. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

7. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from an unsecured line of credit between the original creditor of the Consumer Debt, Orlando Health Epic, and Plaintiff (the "Subject Service").

8. The Subject Service was primarily for personal, family, or household purposes.

9. The Consumer Debt is a debt related to a consumer financial product and/or service because the Consumer Debt arises from the unsecured line of credit the original creditor extended to Plaintiff, whereby said unsecured line of creditor

was for the personal benefit of Plaintiff, Plaintiff's family, and/or members of Plaintiff's household.

10. In particular, the Consumer Debt relates to medical services Plaintiff received from Orlando Health Epic on 05/31/2022.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15. Defendant's "Consumer Collection Agency" license number is CCA9902971.

16. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

17. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

18. Defendant maintains and keeps updated within seven (7) days the records required by Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

19. Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

20. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

21. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

22. On a date better known by Defendant, Defendant sent a letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

23. Despite the fact the Collection Letter lacks a date, Defendant states in the Collection Letter that:



See Exhibit A.

24. The Collection Letter is undated.

25. The Collection Letter fails to contain any information regarding what date "today" and "now" refers as used in the Collection Letter.

26. It cannot be determined from the Collection Letter what date "today" and/or "now" refers to because the Collection Letter is undated.

27. Plaintiff was confused and mislead as to the status and amount of the Consumer Debt because the Collection Letter was undated.

28. It is common practice to date official letters.

29. Letters that lack a date seem illegitimate.

30. By withholding the date of the Collection Letter, Defendant withheld a material term from Plaintiff that made it confusing for Plaintiff to understand the amount of the Consumer Debt.

31. The undated Collection Letter, coupled with the references to "today" and "now," caused Plaintiff to waste time considering the legitimacy of the Collection Letter.

32. The undated Collection Letter, coupled with the references to "today" and "now," caused Plaintiff to waste time attempting to determine the amount of the Consumer Debt.

33. The undated Collection Letter caused Plaintiff to waste time attempting to determine what date "today" and "now" referred to in the Collection Letter.

34. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

35. The Collection Letter fails to properly provide the amount of the underlying debt because the Collection Letter ties the amount to an unknown date.

36. The Collection Letter informs Plaintiff of the amount of the debt "[a]s of 05/31/2022." The Collection Letter then lists the amounts in interest and fees Plaintiff was charged "[b]etween 05/31/2022 and today," as well as the amount Plaintiff "paid or [was] credited toward the debt." Finally, the Collection Letter lists the "[t]otal amount of the debt now."

37. The Collection Letter fails to state the full amount of the Consumer Debt because it (the Collection Letter) is undated.

38. The Collection Letter fails to provide means by which Plaintiff could assess whether, and by how much, the underlying debt might increase in the future if Plaintiff did not promptly pay.

39. The Collection Letter makes multiple references to a timeline against which Defendant assessed the debt, including interest and fees, but the Collection Letter provides no date or corresponding information, aside from the itemization date of 05/31/2022.

40. The undated Collection Letter mislead Plaintiff and made it confusing for Plaintiff to understand the amount and nature of the Consumer Debt.

41. The undated Collection Letter is misleading to the least sophisticated consumer with regard to the outstanding amount of the Consumer Debt.

42. The undated Collection Letter is unfair or unconscionable to the least sophisticated consumer.

43. The undated Collection Letter obscured the full amount of the underlying debt and disadvantages Plaintiff from making an educated decision regarding the underlying debt.

## COUNT 1
## **VIOLATION OF 15 U.S.C. § 1692g**

44. Plaintiff incorporates by reference ¶¶ 6-43 of this Complaint.

45. Section 1692g(a)(1) of the FDCPA requires that a debt collector send the consumer a written notice containing "the amount of the debt." *See* 15 U.S.C. §1692g(a)(1). That notice must be contained in either the initial communication regarding the debt, or in another communication "[w]ithin five days after the initial communication." Id. Critically, "[s]imply stating the amount due is not enough." Melillo v. Shendell & Assocs., P.A., 2012 WL 253205, at *4 (S.D. Fla. Jan. 26, 2012) (*citing* Chuway v. Nat'l Action Fin. Servs., Inc., 362 F.3d 944, 948 (7th Cir.2004). "To satisfy [section] 1692g(a), the debt collector's notice must state the required information clearly enough that the recipient is likely to understand it." Leonard, 713 F. App'x at 882–83 (alteration added; *quoting* Janetos v. Fulton

Friedman & Gullace, LLP, 825 F.3d 317, 321 (7th Cir. 2016); Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996)).

46. Here, the Collection Letter fails to properly provide the amount of the debt as required by § 1692g(a)(1) because the Collection Letter ties the amount of the debt to an unknown date. *See* Gesten, 57 F. Supp. 3d at 1388 (noting that the FDCPA "would have [been] satisfied" if the defendant had "provided [the] [p]laintiff with a payoff amount as of the date of the letters and supplied the information required to calculate the payoff amount for some reasonable number of days into the future" (alterations and emphasis added)). As stated above, the Collection Letter fails to contain any information regarding what date "today" and "now" refers as used in the Collection Letter. Moreover, it cannot be determined from the Collection Letter what date "today" and/or "now" refers to because the Collection Letter is undated.

47. As such, because the undated Collection Letter uses "today" and "now" in attempting to provide the amount of the debt without providing any information as to what date "today" and/or "now" entails, Defendant, by and through the Collection Letter, violated § 1692g(a)(1) of the FDCPA.

48. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant awarding the following relief:

    (a) Actual damages as provided by 15 U.S.C. § 1692k;

    (b)    Statutory damages as provided by 15 U.S.C. § 1692k;

    (c)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (d)    Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## VIOLATION OF 15 U.S.C. § 1692e

49. Plaintiff incorporates by reference ¶¶ 6-43 of this Complaint.

50. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt.*" 15 U.S.C. § 1692e(2)(A). (emphasis added).

51. Here, the Collection Letter is deceptive and misleading with respect to the amount of the Consumer Debt because the Collection Letter ties the amount of the debt to an unknown date. As stated above, the Collection Letter fails to contain any information regarding what date "today" and "now" refers as used in the Collection Letter. Moreover, it cannot be determined from the Collection Letter what date "today" and/or "now" refers to because the Collection Letter is undated. As such, because the undated Collection Letter uses "today" and "now" in attempting to provide the amount of the debt without providing any information as to what date

"today" and/or "now" entails, the Collection Letter is deceptive and/or misleading with respect to the amount of the consumer debt, as well as misleading to the least sophisticated consumer with respect to the amount of the consumer debt. *See* Roger v. GC Servs. Ltd. P'ship, No. 22-23192-CIV, 2023 U.S. Dist. LEXIS 22279, at *20 (S.D. Fla. Feb. 9, 2023) ("the undated Letter might plausibly 'mislead[]' the least-sophisticated consumer with regard to the outstanding amount of the debt.").

52. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant awarding the following relief:

    (a)    Actual damages as provided by 15 U.S.C. § 1692k;

    (b)    Statutory damages as provided by 15 U.S.C. § 1692k;

    (c)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (d)    Any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### VIOLATION OF 15 U.S.C. § 1692f

53. Plaintiff incorporates by reference ¶¶ 6-43 of this Complaint.

54. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive or unfair if it has the tendency or capacity to deceive.").

55. Here, the Collection Letter fails to contain any information regarding what date "today" and "now" refers as used in the Collection Letter. Moreover, it cannot be determined from the Collection Letter what date "today" and/or "now" refers to because the Collection Letter is undated. As such, because the undated Collection Letter uses "today" and "now" in attempting to provide the amount of the debt without providing any information as to what date "today" and/or "now" entails, the Collection Letter is an unfair or unconscionable attempt to collect a debt, as the Collection Letter obscures the full amount of the debt to the disadvantage of the least sophisticated consumer, as well as Plaintiff.

56. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant awarding the following relief:

    (a)    Actual damages as provided by 15 U.S.C. § 1692k;

    (b)    Statutory damages as provided by 15 U.S.C. § 1692k;

    (c)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (d)    Any other relief that this Court deems appropriate under the circumstances.

DATED: March 7, 2023

Respectfully Submitted,

/s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail: Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**

Florida Bar No. 118517
E-mail: Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone: 561-542-8550

*COUNSEL FOR PLAINTIFF*